# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11317

United States Court of Appeals
Fifth Circuit

**FILED**

October 18, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

MICHAEL HERROLD,

> Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas

## ON REMAND FROM THE UNITED STATES SUPREME COURT

Before OWEN, Chief Judge, and JOLLY, HIGGINBOTHAM, JONES, SMITH, STEWART, DENNIS, CLEMENT, ELROD, SOUTHWICK, HAYNES, GRAVES, HIGGINSON, COSTA, WILLETT, HO, DUNCAN, ENGELHARDT, and OLDHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

If the Texas burglary statute[1] is "generic" burglary, as the Armed Career Criminal Act case law has defined it, Michael Herrold will receive a 15-year sentence enhancement. When Herrold pled guilty in 2014 to possession of a firearm by a former felon, he had three prior felony convictions from 1992—for possession of LSD with intent to deliver, for burglary of a building, and for

---

[1] TEX. PENAL CODE § 30.02(a).

No. 14-11317

burglary of a habitation.[2]

Determining whether these burglary convictions count toward Herrold's tally of predicate convictions under the ACCA has set this case on a winding path. Since we last considered the issue, two Supreme Court decisions have foreclosed Herrold's prior arguments. We now consider whether his remaining arguments offer an escape from the sentencing enhancement. They do not.

## I.

A panel originally affirmed the district court's application of the ACCA enhancement.[3] Then the Supreme Court—based on its intervening decision in *Mathis v. United States*[4]— issued an order granting cert, vacating the lower court, and remanding for further proceedings (collectively known as a GVR order).[5] Still, bound by our decision in *United States v. Uribe*,[6] the panel again affirmed.[7] Hearing the case en banc, however, we vacated that decision[8] and abrogated the district court.[9]

In our en banc decision, we reversed *Uribe* in holding that the Texas

---

[2] The ACCA enhancement is triggered by three previous "violent felony" or "serious drug offense" convictions. 18 U.S.C. § 924(e)(1). The possession of LSD conviction is a serious drug offense. Thus, if Herrold's burglary convictions are violent felonies, the enhancement applies. The "violent felony" definition enumerates "burglary, arson, [and] extortion," *id.* § 924(e)(2)(B)(ii), but only "crimes having certain specified elements" count as predicates, not "crimes that happen[] to be labeled 'robbery' and 'burglary'" by the state in question, *Taylor v. United States*, 495 U.S. 575, 588–89 (1990). Burglary under the ACCA requires "unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Id.* at 598. Burglary statutes no broader than this formulation are deemed "generic"; those broader "non-generic." Convictions under non-generic statutes do not count toward an ACCA sentencing enhancement.

[3] *United States v. Herrold*, 813 F.3d 595 (5th Cir. 2016).

[4] 136 S. Ct. 2243 (2016).

[5] *Herrold v. United States*, 137 S. Ct. 310 (2016).

[6] 838 F.3d 667, 671 (5th Cir. 2016) (holding that Section 30.02(a) is divisible and that Section 30.02(a)(1) is generic).

[7] *United States v. Herrold*, 685 F. App'x 302 (5th Cir. 2017).

[8] *United States v. Herrold*, 693 F. App'x 272 (5th Cir. 2017) (en banc).

[9] *United States v. Herrold*, 883 F.3d 517 (5th Cir. 2018) (en banc).

No. 14-11317

burglary statute, Section 30.02(a), was indivisible.[10] Next, we concluded that "to be guilty of generic burglary, a defendant must have the intent to commit a crime *when* he enters or remains in the building or structure."[11] We held that Section 30.02(a)(3), by contrast, "contains no textual requirement that a defendant's intent to commit a crime contemporaneously accompany a defendant's unauthorized entry."[12] Section 30.02(a)(3) was thus non-generic, which disqualified Herrold's burglary convictions as ACCA enhancement predicates, so we vacated his sentence and remanded to the district court for re-sentencing.[13]

We left another question unresolved: whether burglary of a "habitation" under Section 30.02(a)(1) is broader than generic burglary, given that "habitation" is defined to apply to vehicles that are "adapted for overnight accommodations of persons" as well as conventional buildings.[14] As its resolution was not required, we detailed the "powerful arguments on both sides of the question" but did not decide it.[15]

---

[10] *Id.* at 523. We considered whether Section 30.02(a) sets out alternative means of committing a single substantive crime—making the statute "indivisible"—or whether it sets out separate elements—effectively defining distinct offenses, making the statute "divisible." *Mathis*, 138 S. Ct. at 2248–49. For indivisible statutes, we compare the whole statute to the generic definition. For divisible statutes, we apply the generic definition only to the alternative under which the defendant was convicted.

The Texas burglary statute, TEX. PENAL CODE § 30.02(a), reads:
(a) A person commits an offense if, without the effective consent of the owner, the person:
        (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or
        (2) remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or
        (3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.
[11] *Herrold*, 883 F.3d at 531.
[12] *Id.*
[13] *Id.* at 541–42.
[14] *See* TEX. PENAL CODE § 30.01(1).
[15] *Herrold*, 883 F.3d at 537.

No. 14-11317

On remand after the en banc decision, the district court sentenced Herrold to time served.[16] Meanwhile, the Government filed a petition for certiorari. Two intervening Supreme Court decisions, *Quarles v. United States*[17] and *United States v. Stitt*,[18] foreclosed the two principal grounds on which Herrold contested his ACCA sentencing enhancement, so the Court issued another GVR order.[19]

First, in *Stitt*, the Supreme Court answered the "habitation" question we left unresolved. The Court considered whether burglary of a "nonpermanent or mobile structure that is adapted or used for overnight accommodation can qualify as 'burglary' under the [ACCA]."[20] It did so in the context of two state burglary statutes that apply to vehicles or structures "designed or adapted for the overnight accommodation of persons" (Tennessee)[21] and those "customarily used for overnight accommodation of a person whether or not a person is actually present" (Arkansas).[22] For reference, the language in the Texas statute—defining "habitation" as "a structure or vehicle that is adapted for the overnight accommodation of persons"—matches that in the Tennessee statute; if Tennessee's statute is generic on this ground, so is Texas's.

The *Stitt* Court held that the Tennessee and Arkansas statutes fell within generic burglary. It reasoned that burglaries of homes and RVs, for example, pose similar risks of violent confrontation, and that most state burglary statutes covered vehicles adapted or customarily used for lodging

---

[16] *See* Amended Judgment, *United States v. Herrold*, No. 3:13-CR-225 (N.D. Tex. April 10, 2018).

[17] 139 S. Ct. 1872 (2019).

[18] 139 S. Ct. 399 (2018).

[19] *United States v. Herrold*, 139 S. Ct. 2712 (2019) (mem.).

[20] *Stitt*, 139 S. Ct. at 404.

[21] TENN. CODE ANN. §§ 39–14–401(1)(A), (B).

[22] ARK. CODE ANN. § 5–39–101(8)(A)(ii).

4

No. 14-11317

when *Taylor* was decided in 1986.[23]

Next, in *Quarles*, the Supreme Court chose between the broad and narrow interpretations of the intent required for generic remaining-in burglary.[24] Our earlier en banc decision in this case considered the same question: whether generic remaining-in burglary occurs only when the intent to commit a crime forms at the moment the defendant first unlawfully remains in a building, or whether it occurs when the defendant forms this intent at any time while unlawfully present. We chose the narrower view, but the Supreme Court chose the broader. *Quarles* considered a Michigan statute, which stated a person commits home invasion when that person "breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a misdemeanor."[25] Relying on "the common understanding of 'remaining in' as a continuous event," the *Quarles* Court held that generic burglary occurs "if the defendant forms the intent to commit a crime *at any time* during the continuous event of unlawfully remaining in a building or structure."[26]

After *Quarles*, Texas's statute is generic even though it lacks the contemporaneity requirement the en banc court considered necessary. And after *Stitt*, the alternative ground we might have otherwise reached—related to the "habitation" definition—is also foreclosed. Still, Herrold maintains Section 30.02(a) is non-generic for reasons unaffected by *Quarles* or *Stitt*.

Finally, because neither *Quarles* nor *Stitt* calls into question our holding that the Texas burglary statute is indivisible, we reinstate that section (Part II) of our en banc decision.[27]

---

[23] *Stitt*, 139 S. Ct. at 406.
[24] *Quarles*, 139 S. Ct. at 1877.
[25] MICH. COMP. LAWS ANN. § 750.110a(4)(a).
[26] *Id.* at 1877.
[27] *Herrold*, 883 F.3d at 521–29.

5

No. 14-11317

## II.

Herrold's chief argument has not changed, but now attacks different aspects of the Section 30.02(a)(3) formulation: its alleged lack of specific-intent and unlawful-breaking requirements.[28] Alternatively, Herrold argues the term "burglary"—as used in the ACCA and construed by courts—is unconstitutionally vague and deprives defendants of fair notice as to which convictions will count toward an ACCA-enhanced sentence. Essentially, the effort is to clip "burglary" from the statute as *Johnson v. United States* did with the residual clause in the same provision.[29]

## A.

Herrold first argues that Section 30.02(a)(3) lacks a requirement that an offender form a specific intent to commit another crime; that generic burglary requires a plan to commit another crime, while Section 30.02(a)(3) requires only that one "commit[] or attempt[] to commit a felony, theft, or an assault."[30] Herrold identifies several felonies that fit in this enumerated list but do not require "the intent to commit a crime." For example, assault requires only recklessness,[31] and endangering a child requires only recklessness or criminal negligence.[32] He dubs Section 30.02(a)(3) a "trespass-plus-crime" formulation, at once unusually broad and relatively rare as a theory of burglary, adopted only by Texas, Minnesota, Montana, and Tennessee.

---

[28] Despite Herrold's contention that the Government waived its argument that Section 30.02(a)(3) is generic because it waited until its September 2017 en banc brief to raise it, the central arguments in the supplemental briefing are all properly before us. The Government's statement at the 2014 sentencing hearing merely recognized that we had held Section 30.02(a)(3) was non-generic in *United States v. Constante*, 544 F.3d 584, 587 (5th Cir. 2008). The Government then, at its first opportunity during the en banc proceeding, asked that this precedent be reconsidered.

[29] *See* 135 S.Ct. 2551, 2557 (2015).

[30] TEX. PENAL CODE § 30.02(a)(3).

[31] *Id.* § 22.01(a)(1).

[32] *Id.* § 22.041(c).

No. 14-11317

The Seventh Circuit adopted similar reasoning in holding that the Minnesota trespass-plus-crime statute is non-generic. In *Van Cannon v. United States*, it held the statute is non-generic because it does not require intent at the moment of entry, the same argument adopted by the *Herrold* en banc court and rejected by the *Quarles* Court.[33] It also concluded that the statute "doesn't require proof of intent to commit a crime *at all*—not at *any* point during the offense conduct."[34] The *Van Cannon* court rejected the government's argument that intent to commit a crime is implicit in the requirement of proof of a completed crime, reasoning that "not all crimes are intentional; some require only recklessness or criminal negligence."[35]

Quarles tried to raise this issue, but the Supreme Court considered it waived.[36] So *Quarles* did not foreclose this argument, and unlike Quarles, Herrold did not waive it. Further, in September 2019, after *Quarles* and after supplemental briefing was completed in our case, the Seventh Circuit (1) confirmed that its conclusion that Minnesota burglary requires no "intent to commit a crime *at all*" was a holding, not dicta, and (2) confirmed that this holding was not affected by *Quarles*.[37]

Herrold urges us not to create a circuit split on this point, but his argument fails for lack of supportive Texas cases. In *United States v. Castillo-Rivera*, we warned that "[a] defendant who argues that a state statute is

---

[33] *Van Cannon v. United States*, 890 F.3d 656, 663–64 (7th Cir. 2018) (considering MINN. STAT. § 609.582(2)(a), which stated one who "enters a building without consent and commits a crime while in the building" commits burglary).

[34] *Id.* at 664.

[35] *Id.*

[36] *Quarles*, 139 S. Ct. at 1880 n.2.

[37] *See Chazen v. Marske*, No. 18-3268, 2019 WL 4254295, at *7–8 (7th Cir. Sept. 9, 2019) ("What we can say with confidence is that *Quarles* did not abrogate *Van Cannon*'s conclusion that Minnesota burglary is broader than generic burglary because the state statute does not require proof of any intent at *any point*. Indeed, the Court expressly declined to address this issue in *Quarles*.").

nongeneric cannot simply rest on plausible interpretations of statutory text made in a vacuum."[38] Instead, that defendant must show "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of the crime."[39] It is incumbent on the defendant to point to "cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues."[40] This is so "even where the state statute may be plausibly interpreted as broader on its face."[41]

Herrold claims Texas courts *could* uphold burglary convictions under Section 30.02(a)(3) that involve crimes with lesser *mens rea* requirements; he does not point to any convictions matching this description, nor does he cite a single Texas case. He rather rests on the definitions of several provisions in the Texas Penal Code.

We need look no further, but even if we did, Texas law rejects Herrold's no-intent interpretation. The Government relies on *DeVaughn v. State,* in which the Texas Court of Criminal Appeals, contrasting Section 30.02(a)(3) with the first two subsections, concluded that the requirement in (a)(3) of an "attempted or completed theft or felony . . . merely supplants the specific intent which accompanies entry" in (a)(1) and (a)(2).[42] Immediately afterward, the *DeVaughn* court quoted with approval the Practice Commentary accompanying (a)(3) and interpreted (a)(3) burglary as "the conduct of one who enters without effective consent but, lacking intent to commit any crime upon his entry, *subsequently forms that intent* and commits or attempts a felony or

---

[38] 853 F.3d 218, 222 (5th Cir. 2017) (en banc).

[39] *Id.* (quoting *Gonzales v. Duenas-Alvarez,* 549 U.S. 183, 193 (2007)).

[40] *Id.* (emphasis omitted).

[41] *Id.* at 224 n.4.

[42] *DeVaughn v. State,* 749 S.W.2d 62, 65 (Tex. Crim. App. 1988).

theft."[43] Cases from the Texas Court of Appeals mirror this formulation.[44]

The Government's position is that we should defer—and indeed already have deferred—to this construction from *DeVaughn*. In the Government's view, whether intent to commit a crime must form at the moment the burglar remains in or at any time during the improper remaining-in divided the en banc court—but all judges implicitly agreed that intent was necessary *sometime*. The *Herrold* majority interpreted Section 3.02(a)(3) as criminalizing "entry and subsequent intent formation."[45] The dissent, meanwhile, noted that, before *Herrold*, the Fourth Circuit held Section 30.02(a)(3) generic in *United States v. Bonilla*,[46] as did the Sixth Circuit with the substantially similar Tennessee statute in *United States v. Priddy*.[47] As summarized by the dissent,

> the Fourth Circuit [in *Bonilla*] reasoned that because (a)(3) only applies where a defendant's presence in a building is unlawful, a completed or attempted felony therein necessarily requires intent to commit the felony either prior to unlawful entry or while unlawfully remaining in the building, which is all *Taylor* requires. [*Bonilla*, 687 F.3d at 193.] In other words, (a)(3) substantively contains the requisite intent element because to attempt or complete a crime requires intent to commit the crime.[48]

The dissent reasoned that Section 30.02(a)(3) "requires an unlawful or

---

[43] *Id.* (emphasis added) (quoting TEX. PENAL CODE ANN. § 30.02 practice cmt. at 144 (West 1974)).

[44] *See Flores v. State*, 902 S.W.2d 618, 620 (Tex. App.—Austin 1995, pet. ref'd) (citing the Practice Commentary for the proposition that "[p]rosecution under section 30.02(a)(3) is appropriate when the accused enters without effective consent and, lacking intent to commit any crime upon his entry, subsequently forms that intent and commits or attempts to commit a felony or theft"); *see also Leaks v. State*, 2005 WL 704409, at *2 (Tex. App.—Corpus Christi Mar. 24, 2005, pet. ref'd) (noting that under Section 30.02(a)(3), the State must prove "that, after entry into the habitation, appellant *formed an intent to commit*, and did commit, a felony, theft or an assault") (emphasis added) (citations omitted).

[45] *Herrold*, 883 F.3d at 545–46.

[46] *Id.* at 546 (Haynes, J., dissenting) (citing *Bonilla*, 687 F.3d 188 (4th Cir. 2012)).

[47] *Id.* (citing *Priddy*, 808 F.3d 676 (6th Cir. 2015)).

[48] *Id.*

unprivileged entry AND the actual *commission or attempted commission* of a crime; mere intent is not enough."[49] In the dissent's view, the statute thus includes all necessary generic elements—including the intent to commit a crime, "here as evidenced by the actual commission or attempted commission of the crime, not mere intent."[50] For these reasons, mindful of the constraints of *Castillo-Rivera*, *Van Cannon* has little relevance here, despite the similarities of the Minnesota and Texas statutes.

## B.

Next, Herrold argues generic burglary requires "breaking and entering or similarly unlawful activity," while Section 30.02(a)(3) requires none. In *Descamps v. United States*, the Supreme Court held that the California burglary statute was non-generic because it lacked this requirement.[51] Herrold urges that the same result should follow here.

The California statute at issue in *Descamps* states that a "person who enters" certain locations "with intent to commit grand or petit larceny or any felony is guilty of burglary."[52] Nothing in the statute modifies "enters"—it is not required that the person enter unlawfully, without consent, or by breaking and entering. Generic burglary, though, "requires an unlawful entry along the lines of breaking and entering."[53] Because California burglary "does not, and indeed covers simple shoplifting," it was non-generic.[54]

Herrold cannot tie this holding to Section 30.02(a)(3), which labels as burglary an entrance "without the effective consent of the owner" but does not require a breaking. Statutes that require proof of unlawful or unconsented

---

[49] *Id.*

[50] *Id.*

[51] 570 U.S. 254, 277 (2013).

[52] CAL. PENAL CODE § 459.

[53] *Descamps*, 570 U.S. at 264.

[54] *Id.*

entry have not been held non-generic on that basis, unlike statutes like California's that require nothing more than entry.[55]

Given that *Taylor* reads generic burglary to "include not only aggravated burglaries, but also run-of-the-mill burglaries involving an unarmed offender, an unoccupied building, and no use or threat of force,"[56] the Seventh Circuit concluded that unlawful or unauthorized entry is "the practical equivalent of the older term 'breaking and entering.'"[57] Thus, entering a building "without authority" satisfied the *Descamps* requirement of "an unlawful entry along the lines of breaking and entering."[58]

The Sixth Circuit similarly rejected the argument that *Descamps* renders the Tennessee burglary statute non-generic, and Tennessee's and Texas's statutes both contain the "without the effective consent of the property owner" language.[59] On remand after the Supreme Court's decision in *Stitt*, the Sixth Circuit stated *Descamps* did not "comprehensively define generic burglary."[60] Instead, it "merely concluded that California's burglary statute, which did not require *any* unlawful or unprivileged entry (either by affirmative or passive acts of deception)" was non-generic.[61] The Sixth Circuit in *Stitt* noted

---

[55] *Compare Dawkins v. United States*, 809 F.3d 953, 954 (7th Cir. 2016) (rejecting the argument that *Descamps* made an entry "without authority" non-generic), *and United States v. Mungro*, 754 F.3d 267, 270 (4th Cir. 2014) (concluding that because North Carolina's statute prohibited breaking or entering without the consent of the owner, it constituted generic burglary, even after *Descamps*), *with United States v. Hiser*, 532 Fed. App'x 648, (Mem)–649 (9th Cir. 2013) (concluding a Nevada statute, which allowed for convictions that did not include unlawful entry, was "quite similar to that of California's" and non-generic in light of *Descamps*).

[56] *Taylor*, 495 U.S. at 597.

[57] *Dawkins*, 809 F.3d at 956.

[58] *Id.*

[59] *United States v. Stitt*, No. 14-6158, 2019 WL 3074788, at *2 (6th Cir. July 15, 2019) (unpublished).

[60] *Id.* at *3.

[61] *Id.* ("[T]he Supreme Court was not presented with—and therefore did not provide any holding regarding—the fine distinctions between 'unlawful entry' and 'breaking and entering or similar conduct' or between passive and affirmative acts of deception.").

other circuits "have generally concluded that when someone enters a building 'without consent' and with the intent to commit a burglary, they have necessarily entered the building 'unlawfully' pursuant to generic burglary."[62]

It follows that *Descamps* cannot do the work in this case that Herrold asks. No Texas burglary conviction can stand without proof that the entry or remaining-in was without the owner's effective consent. This satisfies the generic burglary definition of *Taylor*, including the requirement of unlawful breaking or similar activity noted in *Descamps*.

Herrold raises two additional arguments related to the "entry" element. One is that the statute contemplates burglary of a facility open to the public, which *Descamps* bars.[63] But the requirement that entry be "without the effective consent of the owner" adequately incorporates this principle. One who enters a public facility has consent to do so. We are pointed to no case holding otherwise. Herrold's last argument as to entry is that the statute allows conviction where the burglar has legal authority to enter the facility, relying on *Mack v. State*, where the defendant's name was on the apartment lease but he had moved out and stopped paying rent.[64] But this contention is also explained by the effective-consent requirement. None of the cases Herrold relies on go beyond generic burglary's unlawful-entry requirement. He cannot satisfy *Castillo-Rivera*.

## C.

Finally, Herrold argues "burglary," as used in the ACCA, is unconstitutionally vague. A violent felony is one that is: "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that

---

[62] *Id.* at *4.

[63] *Descamps*, 570 U.S. at 275 ("[G]eneric burglary's unlawful-entry element excludes any cases in which a person enters premises open to the public, no matter his intent.").

[64] *Mack v. State*, 928 S.W.2d 219 (Tex. App.—Austin 1996, pet ref'd)).

No. 14-11317

presents a serious potential risk of physical injury to another."[65] The latter clause was known as the residual clause, and in *Johnson* the Supreme Court held it was unconstitutionally vague.[66] The *Johnson* Court was "convinced that the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges."[67] Herrold essentially asks us to extend the *Johnson* reasoning to "burglary." But *Johnson* stated that it "does not call into question application of the Act to the four enumerated offenses,"[68] and we take it at its word. The term "burglary"—despite the difficulties of defining its contours, holding them in focus, and applying them to varied state statutes—does not bring the difficulties attending a felony that "involves conduct that presents a serious potential risk of physical injury to another."

Herrold points to the precedential changes over this litigation, but as the Government notes, the sequence of events undercuts Herrold's fair-notice argument. His prior burglary convictions were under Section 30.02(a)(1), which was and is generic burglary. So when he unlawfully possessed a gun in 2012, he had fair notice that, if caught, his prior burglary convictions would be ACCA predicates.

## III.

Before *Quarles* and *Stitt*, we held that the Texas burglary statute is non-generic "because it criminalizes entry and subsequent intent formation rather than entry *with* intent to commit a crime."[69] Herrold's old arguments no longer avail and his new ones lack merit. We hold that Section 30.02(a)(3) is generic—and Herrold's three prior felonies are therefore qualifying predicates for a

---

[65] 18 U.S.C. § 924(e)(2)(B)(ii).
[66] 135 S. Ct. 2551, 2557 (2015).
[67] *Id.*
[68] *Id.* at 2563.
[69] *Herrold*, 883 F.3d at 541.

sentence enhancement under the ACCA. The judgment of conviction and sentence is AFFIRMED. The mandate shall issue forthwith.