# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10235
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID MATTHEWS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-121-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

David Matthews appeals his 265-month sentence for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He argues that his prior convictions for Texas robbery and Texas burglary of a habitation are not categorically violent felonies under the Armed Career Criminal Act (ACCA), but concedes that these issues are foreclosed by *United States v. Herrold*, 941 F.3d 173 (5th Cir. 2019) (en banc), *petition for cert. filed*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10235

(U.S. Feb. 18, 2020) (No.19-7731), and *United States v. Burris*, 920 F.3d 942 (5th Cir. 2019), *petition for cert. filed* (U.S. Oct. 3, 2019) (No. 19-6186).  The Government has moved for summary affirmance or, alternatively, an extension of time to file a brief.

Summary affirmance is proper where, among other instances, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  Matthews's arguments are foreclosed by *Herrold*, 941 F.3d at 182, and *Burris*, 920 F.3d at 945, 948.  In *Burris*, this court concluded that robbery-by-threat and robbery-by-injury under Texas Penal Code § 29.02 both require the "'use, attempted use, or threatened use of physical force'" and are violent felonies under § 924(e)(2)(B)(i)'s force clause.  *Burris*, 920 F.3d at 945, 948, 958 (quote at 945). In *Herrold*, this court held that Texas burglary is "generic burglary" and is a violent felony under the ACCA.  *Herrold*, 941 F.3d at 182.  Thus, the argument that Matthews's Texas robbery and burglary convictions are not violent felonies is foreclosed, and summary affirmance is proper.  *See Groendyke Transp., Inc.*, 406 F.2d at 1162

In light of the foregoing, the Government's motion for summary affirmance is GRANTED, and the judgment is AFFIRMED.  The Government's alternative motion for an extension of time to file a brief is DENIED.  Matthews's motion to stay is DENIED.