# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 12, 2020

Lyle W. Cayce
Clerk

No. 17-10199
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellant

v.

DOMINIC LADALE WALTON,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-364-1

**ON REMAND FROM THE UNITED STATES SUPREME COURT**

Before OWEN, Chief Judge, and DENNIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

On November 27, 2018, we issued an opinion rejecting the Government's challenge to the district court's finding that Dominic Ladale Walton was not subject to an enhancement under the Armed Career Criminal Act (ACCA) based on three prior convictions for burglary of a habitation, violations of TEXAS PENAL CODE § 30.02(a). *United States v. Walton*, 743 F. App'x 552, 553

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10199

(5th Cir. 2018) (per curiam). While preserving its challenge for further appellate review, the Government conceded that its argument was foreclosed by our decision in *United States v. Herrold* (*Herrold I*), 883 F.3d 517, 541 (5th Cir. 2018) (en banc), *cert. granted, judgment vacated*, 139 S. Ct. 2712 (2019), *reinstated in part, rev'd in part, United States v. Herrold* (*Herrold II*), 941 F.3d 173 (5th Cir. 2019) (en banc), in which we held that, for the purposes of an ACCA sentencing enhancement, §§ 30.02(a)(1) and (3) are indivisible and that § 30.02(a)(3) is broader than generic burglary because it allows for an entry and then the subsequent formation of intent. The Government petitioned the Supreme Court for certiorari. After deciding in *Quarles v. United States*, 139 S. Ct. 1872, 1877 (2019), that generic burglary occurs "if the defendant forms the intent to commit a crime *at any time* during the continuous event of unlawfully remaining in a building or structure," the Supreme Court vacated and remanded Walton's case for further consideration in light of *Quarles*. We requested supplemental briefing from the parties.

The Government correctly argues that Walton's challenges to the Texas burglary statute as being nongeneric for purposes of the ACCA enhancement are foreclosed. *See Herrold II*, 941 F.3d at 176-82. The only remaining issue, which the district court did not address, is whether Walton's November 2000 and February 2001 burglary convictions, bearing the same commission date of August 22, 2000, were committed on different occasions for purpose of the ACCA enhancement. *See United States v. Fuller*, 453 F.3d 274, 278-79 (5th Cir. 2006). We exercise our discretion to remand to the district court to consider this issue in the first instance. Accordingly, the judgment of the district court is VACATED, and the case is REMANDED for further proceedings consistent herewith.