# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 3, 2020

Lyle W. Cayce
Clerk

No. 17-10655
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL DAVID LISTER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-172-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Michael David Lister appeals his conviction for being a felon in possession of a firearm under 18 U.S.C. §§ 922(g)(1) and 924(e), and his sentence of 180 months in prison. The Government has moved for summary affirmance or, in the alternative, an expansion of time in which to file a brief. Lister argues that his three prior convictions for Texas burglary of a habitation and aggravated assault do not qualify as violent felonies that trigger the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10655

penalty provisions under § 924(e). *See* TEX. PENAL CODE §§ 22.02, 30.02. This court sitting en banc in *United States v. Herrold*, 941 F.3d 173, 175, 177, 182 (5th Cir. 2019) (en banc), *petition for cert. filed* (U.S. Feb. 18, 2020) (No. 19-7731), concluded that, although the Texas burglary statute consists of multiple subsections, the statute creates one indivisible offense that constitutes generic burglary, as Lister acknowledges. In reaching that conclusion, this court considered and rejected the arguments which Lister presents. *Id.* at 178-82. Therefore, the Government "is clearly right as a matter of law" and there remains "no substantial question" as to the classification of his prior burglary convictions as violent felonies under § 924(e). *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Likewise, and as Lister concedes, this court's decision in *United States v. Gracia-Cantu*, 920 F.3d 252, 253-54 (5th Cir.), *cert. denied*, 140 S. Ct. 157 (2019), forecloses Lister's challenge to the treatment of his Texas aggravated assault conviction as a violent felony under § 924(e). *See Groendyke Transp., Inc.*, 406 F.2d at 1162. Lastly, and as Lister admits, this court has rejected fair warning challenges to the classification of prior convictions as violent felonies. *See, e.g.*, *United States v. Burris*, 920 F.3d 942, 952-53 (5th Cir. 2019), *petition for cert. filed* (U.S. Oct. 3, 2019) (No. 19-6186).

The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.