# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 25, 2020

Lyle W. Cayce
Clerk

No. 17-10516
Summary Calendar

UNITED STATES OF AMERICA,

> Plaintiff - Appellant Cross-Appellee

v.

DAVID LEE GARRETT,

> Defendant - Appellee Cross-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-107-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

David Lee Garrett pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and was sentenced under 18 U.S.C. § 924(a)(2) to 84 months of imprisonment and three years of supervised release. Although the district court determined that Garrett's two prior convictions for burglary of a habitation under Texas Penal Code § 30.02(a) qualified as violent felonies under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), the court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

agreed with Garrett that his prior conviction for robbery under Texas Penal Code § 29.02 did not meet the statutory definition of "violent felony."

On appeal, the Government contends that Garrett's sentence should be vacated and the case remanded for resentencing because now-binding precedent holds that Texas robbery is a violent felony under § 924(e). *See United States v. Burris*, 920 F.3d 942, 945, 948 & n.31 (5th Cir. 2019), *petition for cert. filed* (U.S. Oct. 3, 2019) (No. 19-6186). Garrett cross-appeals, arguing that his conviction should be reversed because § 922(g)(1) is facially unconstitutional and further that Texas robbery does not qualify as a violent felony under the ACCA. Alternatively, Garrett argues that his non-ACCA sentence should be affirmed because Texas burglary is not generic burglary and thus does not qualify as a violent felony. *See* § 924(e)(2)(B)(ii). He concedes that his first two arguments are foreclosed, and he raises those arguments to preserve them for further review. The Government, in turn, moves for summary affirmance as to the judgment of conviction, and it moves for summary disposition, or vacatur, as to the sentence imposed.

Summary affirmance or disposition is proper where, among other instances, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Garrett's argument that § 922(g)(1) is unconstitutional because it exceeds the scope of Congress's power under the Commerce Clause is foreclosed. *See United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013); *United States v. De Leon*, 170 F.3d 494, 499 (5th Cir. 1999). Accordingly, summary affirmance of his conviction is proper. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

In addition, the sentencing issues presented on appeal and cross-appeal are foreclosed by *United States v. Herrold*, 941 F.3d 173, 182 (5th Cir. 2019)

No. 17-10516

(en banc), *petition for cert. filed* (U.S. Feb. 18, 2020) (No. 19-7731), and *Burris*, 920 F.3d at 945, 948 & n.31.  In *Burris*, this court concluded that robbery-by-threat and robbery-by-injury under Texas Penal Code § 29.02 both require the "use, attempted use, or threatened use of physical force" and are violent felonies under § 924(e)(2)(B)(i)'s force clause.  *Burris*, 920 F.3d at 945, 948 & n.31 (quotation at 945) (internal quotation marks omitted).  In *Herrold*, this court held that Texas burglary is "generic burglary" and is a violent felony under the ACCA.  *Herrold*, 941 F.3d at 182.  Thus, the argument that Garrett's Texas robbery and burglary convictions are not violent felonies is foreclosed by current circuit precedent, and summary disposition, or vacatur, is appropriate. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

In light of the foregoing, the Government's motion for summary affirmance and for summary disposition is GRANTED.  The Government's alternative motion for an extension of time to file a brief is DENIED.  Garrett's conviction is AFFIRMED, his sentence is VACATED, and the case is REMANDED for resentencing.