# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 26, 2020

Lyle W. Cayce
Clerk

No. 17-11211
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Eddie Charles Webb,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:16-CV-94

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

Eddie Charles Webb, federal prisoner # 17417-077, pleaded guilty to unlawful possession of a firearm by a convicted felon, and the district court sentenced him under the Armed Career Criminal Act (ACCA) to 327 months of imprisonment based on his three Texas burglary convictions.  The district

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 17-11211

court denied Webb's 28 U.S.C. § 2255 motion to vacate, correct, or set aside his sentence.  We granted Webb a certificate of appealability on (1) whether his § 2255 motion was timely filed, and (2) if so, whether Webb should receive relief on his claim that he no longer qualifies for sentencing under the ACCA.

Webb argues that his § 2255 motion was timely because he asserted the right first recognized in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and filed the motion within one year of that decision.  Webb further contends that he is entitled to collateral relief under *Johnson* because Texas burglary does not qualify as the generic offense of burglary for purposes of sentencing under the ACCA.  The Government has filed an opposed motion for summary affirmance in light of *United States v. Herrold*, 941 F.3d 173, 175, 177, 182 (5th Cir. 2019) (en banc), and, in the alternative, an extension of time to file a brief.

In the appeal of a denial of a § 2255 motion, we review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008).  In *Herrold*, 941 F.3d at 175, 177, 182, we concluded that, although the Texas burglary statute consists of multiple subsections, the statute creates one indivisible offense that constitutes generic burglary for purposes of sentencing under the ACCA.  Thus, Texas burglary is still a valid ACCA predicate violent felony offense even after *Johnson* because it is generic burglary, and *Johnson* does not implicate Webb's ACCA predicate burglary convictions.  *See id*.  We therefore need not address whether Webb's § 2255 motion was timely filed. *See Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

The judgment of the district court is AFFIRMED.  The Government's motions for summary affirmance and, in the alternative, an extension of time to file a brief are DENIED.