# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 15, 2020

Lyle W. Cayce
Clerk

No. 20-10317
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EDDIE LEE FINLEY,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-335-1

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

Eddie Lee Finley appeals his 180-month sentence for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e)(1). He argues that his prior Texas conviction for burglary of a habitation is not a violent felony under the Armed Career Criminal Act

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10317

(ACCA), but concedes that the issue is foreclosed by *United States v. Herrold*, 941 F.3d 173 (5th Cir. 2019) (en banc), *petition for cert. filed* (U.S. Feb. 18, 2020) (No. 19-7731). The Government has moved for summary affirmance or, alternatively, an extension of time to file a brief.

Summary affirmance is proper where, among other instances, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Finley's arguments are foreclosed by *Herrold*. In *Herrold*, this court held that Texas burglary is "generic burglary" and is a violent felony under the ACCA. *Herrold,* 941 F.3d at 182. Thus, the argument that Finley's Texas burglary conviction is not a violent felony is foreclosed, and summary affirmance is proper. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

In light of the foregoing, the Government's motion for summary affirmance is GRANTED, and the judgment is AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED.