# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 18, 2020

Lyle W. Cayce
Clerk

No. 19-10125
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellant*,

*versus*

XAVIER LISTER,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-3523
USDC No. 3:12-CR-215-1

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

The Government appeals the district court's grant of the 28 U.S.C. § 2255 motion filed by Xavier Lister, former federal prisoner # 44947-177, challenging his 180-month prison sentence for possession of a firearm by a

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-10125

felon, in violation of 18 U.S.C. § 922(g)(1).  The sentence was enhanced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), based on Lister's prior convictions for Texas burglary of a building.  The district court found that the enhancement was improper as Lister's burglary offenses did not constitute "burglary" under the ACCA, § 924(e)(2)(B)(ii), in light of our prior en banc decision in *United States v. Herrold*, 883 F.3d 517 (5th Cir. 2018).  The district court entered an amended criminal judgment, sentencing Lister to time served.  *See* 18 U.S.C. § 924(a)(2).

Now, the law has changed.  The Supreme Court vacated our en banc ruling, *see United States v. Herrold*, 139 S. Ct. 2712 (2019), and our court issued a new en banc decision on remand, holding that that the Texas burglary statute created one indivisible offense that constituted generic burglary.  *United States v. Herrold*, 941 F.3d 173, 175-77, 182 (5th Cir. 2019) (en banc), *petition for cert. filed* (U.S. Feb. 18, 2020) (No. 19-7731).  Thus, Lister concedes that his § 2255 claim is now foreclosed although he continues to challenge our most recent en banc ruling, to preserve the issue for further review.

Accordingly, the district court's decision is VACATED, and this case is REMANDED to the district court for further consideration.