# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 17, 2021

Lyle W. Cayce
Clerk

No. 20-10774
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Pringle,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:12-CR-316-2

Before Higginbotham, Smith, and Oldham, *Circuit Judges*.

Per Curiam:*

Michael Pringle, federal prisoner #45052-177, moves to proceed *in forma pauperis* ("IFP") in his appeal of the order denying his motion for compassionate release under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), and 18 U.S.C. § 3582(c)(1)(A). By seeking leave to

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

proceed IFP, Pringle challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Pringle contends, relying on *United States v. Herrold (Herrold I)*, 883 F.3d 517, 519 (5th Cir. 2018) (en banc), *vacated*, 139 S. Ct. 2712 (2019), that his convictions of Texas burglary of a habitation and attempted burglary of a habitation no longer qualify as predicate offenses for purposes of the career-offender enhancement in U.S.S.G. § 4B1.1. Thus, Pringle posits that he had shown "extraordinary and compelling reasons" for compassionate release based on the decisional change in law made by *Herrold I*. § 3582(c)(1)(A)(i).

Even if a post-sentencing development in caselaw constituted an extraordinary and compelling reason for compassionate release under § 3582(c)(1)(A), Pringle's argument based on *Herrold I* is legally incorrect. This court has since held in *United States v. Herrold*, 941 F.3d 173, 177, 182 (5th Cir. 2019) (en banc) (*Herrold II*), *cert. denied*, 141 S. Ct. 273 (2020), that Texas's burglary statute is indivisible and falls within the generic definition of burglary. Thus, contrary to Pringle's argument, his Texas convictions of burglary of a habitation and attempted burglary of a habitation still qualify as predicate offenses for purposes of the career-offender enhancement. Pringle therefore has not shown any basis for relief under § 3582(c), much less one that is "extraordinary and compelling." § 3582(c)(1)(A)(i).

Because Pringle has failed to demonstrate that he will raise a nonfrivolous issue, his IFP motion is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.