# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 20, 2021

Lyle W. Cayce
Clerk

No. 21-10359
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MICHAEL SHAWN BELL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-247-1

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Michael Shawn Bell appeals his guilty-plea conviction for being a felon in possession of a firearm and his sentence of 180 months in prison pursuant to the Armed Career Criminal Act (ACCA). According to Bell, the district court erred by treating his prior Texas Penal Code § 30.02 convictions for

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

burglary of a habitation or building as violent felonies for purposes of the ACCA. The Government has moved for summary affirmance based on this court's decision in *United States v. Herrold*, 941 F.3d 173 (5th Cir. 2019) (en banc), *cert. denied*, 141 S. Ct. 273 (2020). In the alternative, the Government moves for an extension of time in which to file a brief.

In *Herrold*, 941 F.3d at 182, this court held that Texas burglary is "generic burglary" and is therefore an enumerated-offense violent felony under the ACCA.[1] Although Bell concedes only that his challenge is "probably" foreclosed by this court's precedent, he urges us to overrule *Herrold* based on how other circuit courts of appeal have applied recent Supreme Court precedent and the construction of Texas laws by Texas courts. We are bound, however, by our precedent "in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court, neither of which has occurred." *United States v. Montgomery*, 974 F.3d 587, 590 n.4 (5th Cir. 2020) (internal quotation marks and citation omitted), *cert. denied*, 141 S. Ct. 2823 (2021). Accordingly, the district court did not err. *See Herrold*, 941 F.3d at 182.

In light of the foregoing, the Government's opposed motion for summary affirmance is GRANTED, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the alternative motion for an extension of time in which to file a brief is DENIED as unnecessary, and the judgment of the district court is AFFIRMED.

---

[1] As a result, it is not the subject of the Supreme Court's decision in *Borden v. United States*, 141 S. Ct. 1817, 1825 (2021) addressing the elements clause.