# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 2, 2022

Lyle W. Cayce
Clerk

No. 18-10235

United States of America,

*Plaintiff—Appellee*,

*versus*

David Matthews,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-121-1

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before Jones, Haynes, and Costa, *Circuit Judges*.

Per Curiam:*

David Matthews challenges his sentence for being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 265 months because it concluded that Matthews's

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 18-10235

three convictions for Texas robbery and two convictions for Texas burglary of a habitation qualify as violent felonies and, as a result, the Armed Career Criminal Act's 15-year mandatory minimum applied. In 2020, this court summarily affirmed the district court. *United States v. Matthews*, 799 F. App'x 300 (5th Cir. 2020), *vacated*, 141 S. Ct. 2782 (2021). Matthews sought a writ of certiorari from the Supreme Court.

In *Borden v. United States*, 141 S. Ct. 1817 (2021), the Supreme Court held that a criminal offense that requires only a *mens rea* of recklessness cannot qualify as a "violent felony" for purposes of sentence enhancement under ACCA's elements clause. *Id.* at 1834 (plurality op.); *id.* at 1835 (Thomas, J., concurring). One form of Texas robbery, robbery-by-injury, requires only a *mens rea* of recklessness. TEX. PENAL CODE § 29.02(a)(1). The other form of Texas robbery, robbery-by-threat, requires an intentional or knowing *mens rea*. TEX. PENAL CODE § 29.02(a)(2). The Supreme Court granted Matthews's petition for certiorari, vacated this court's judgment, and remanded for further consideration. *Matthews v. United States*, 141 S. Ct. 2782 (2021).

This court recently held that the Texas robbery statute is divisible and that a robbery-by-threat conviction qualifies as a "violent felony" under ACCA's elements clause. *United States v. Garrett*, No. 17-10516, 2022 WL 214472, at *3-4 (5th Cir. Jan. 25, 2022). At least one of Matthews's robbery convictions is for robbery-by-threat. That conviction, when combined with his two qualifying burglary convictions, *see United States v. Herrold*, 941 F.3d 173, 182 (5th Cir. 2019) (en banc), makes him an armed career criminal. We therefore AFFIRM.