# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 17, 2022

Lyle W. Cayce
Clerk

No. 21-10810
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHRISTOPHER JO STRINGER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-272-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Christopher Jo Stringer pleaded guilty to possessing a firearm after a felony conviction (count one), possessing methamphetamine with intent to distribute (count two), and possessing a firearm in furtherance of a drug-trafficking crime (count three), and was sentenced to imprisonment for

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10810

concurrent terms of 180 months on counts one and two and a consecutive term of 60 months on count three. On appeal, Stringer contends the district court erred in treating his prior convictions for burglary under Texas Penal Code § 30.02(a) as violent felonies for purposes of the Armed Career Criminal Act (ACCA). The Government has moved for summary affirmance based on our decision in *United States v. Herrold*, 941 F.3d 173 (5th Cir. 2019) (en banc), or, in the alternative, for an extension of time in which to file a brief.

In *Herrold*, this court held that convictions under § 30.02(a) qualify as ACCA violent felonies because the statute defines a generic burglary. 941 F.3d at 182. Stringer asks us to overrule *Herrold*. But we are bound by our precedent "in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court, neither of which has occurred." *United States v. Montgomery*, 974 F.3d 587, 590 n.4 (5th Cir. 2020) (internal quotation marks and citation omitted), *cert. denied*, 141 S. Ct. 2823 (2021). Stringer's argument is foreclosed, and summary affirmance is thus proper. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

For the foregoing reasons, the Government's motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED, and the district court's judgment is AFFIRMED.