# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-10664
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
April 1, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

GLYNZO CLARK,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-109-1

————————————————————

Before SMITH, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Glynzo Clark pleaded guilty of being a felon in possession of a firearm, and he was sentenced on remand from this court, *see United States v. Clark*, 49 F.4th 889, 891-92 (5th Cir. 2022), to a 180-month term of imprisonment and to a three-year period of supervised release. In this appeal, Clark asserts that his prior burglary conviction, under TEX. PENAL CODE § 30.02(a),

————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-10664

was not a violent felony under the Armed Career Criminal Act (ACCA). Clark concedes that this issue is foreclosed by *United States v. Herrold*, 941 F.3d 173, 182 (5th Cir. 2019) (en banc). He has raised the issue to preserve it for further review.

The Government has moved for summary affirmance based on *Herrold*, or for an extension of time in which to file a brief. Because Clark's argument is foreclosed, summary affirmance is proper. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The Government's motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED, and the district court's judgment is AFFIRMED.