# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3165
_____

United States of America

*Plaintiff - Appellee*

v.

Frank Vanoy

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: November 12, 2019
Filed: April 27, 2020
_____

Before SHEPHERD, GRASZ, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

A jury convicted Frank Vanoy of being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1). The district court[1] found that the armed career criminal

_____

[1] The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri.

enhancement applied (requiring a 15-year mandatory minimum) because Vanoy had three prior convictions for serious drug offenses and sentenced him to 216 months in prison. *Id.* at 924(e). On appeal, Vanoy claims he is not an armed career criminal because his two drug convictions under Virginia Code § 18.2-248[2] are not serious drug offenses.[3] Following *United States v. Ford*, 888 F.3d 922 (8th Cir. 2018), we apply the modified categorical approach and affirm.

We review *de novo* the district court's legal determination that a prior conviction is a predicate offense. *United States v. Melbie*, 751 F.3d 586, 588 (8th Cir. 2014). To be a "serious drug offense," a state conviction must be an offense "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" listed on the federal controlled substances schedules. 18 U.S.C. § 924(e)(2)(A)(ii); 21 U.S.C. § 802(6). Using the categorical approach, we focus solely on whether the elements of the crime of conviction sufficiently match the conduct of a serious drug offense. *Shular v. United States*, 140 S. Ct. 779, 782 (2020). If the state offense sweeps more broadly, or punishes more conduct than the federal definition, the conviction does not qualify as a predicate offense. *See Descamps v. United States*, 570 U.S. 254, 261 (2013). A statute is "divisible" if it has "alternative elements" or alternative versions of the crime, and we apply the modified categorical approach. *Id.* at 261–62. This means that a court can look to certain approved documents, like jury instructions, to "determine which statutory phrase was the basis for the conviction." *Id.* at 263.

---

[2] For our purposes, the Virginia statute has not changed since Vanoy's convictions.

[3] Vanoy also argues that the court violated his Sixth Amendment jury trial right by finding his convictions occurred on different dates. We have considered and "unequivocally rejected" this argument. *United States v. Wyatt*, 853 F.3d 454, 458–59 (8th Cir. 2017). We cannot overrule another panel and do not further consider his argument here. *See Mader v. United States*, 654 F.3d 794, 800 (8th Cir. 2011) (en banc).

It is undisputed that, at the time of Vanoy's convictions, the Virginia drug schedules included some substances that the federal schedules did not. Vanoy argues that § 18.2-248 is indivisible and requires only a finding that the offense involved a substance listed on the overbroad Virginia drug schedules—instead of the substance's identity. If this is correct, his two Virginia convictions do not qualify as predicate offenses and the armed career criminal enhancement does not apply.

We determine whether the statute of conviction is divisible by looking at the statute's text and structure. *See Ford*, 888 F.3d at 930. The Iowa controlled substances statute in *Ford* contains the alternative elements of simulated, counterfeit, or controlled substances. *Id.* We noted that the statute's structure shows that it is divisible "because different drug types and quantities carry different punishments" and the "nature and quantity of the substance at issue are therefore essential to the crime's legal definition." *Id.* We also relied on Iowa precedents confirming that the drug at issue is an element given in jury instructions. *Id.* at 930 n.8.

Virginia Code § 18.2-248 makes it unlawful to "possess with intent to manufacture, sell, give or distribute a controlled substance or an imitation controlled substance." Virginia defines a controlled substance as "a drug, substance, or immediate precursor in Schedules I through VI." Va. Code Ann. § 54.1-3401. The statute's structure shows that different drug types and quantities have different punishments. *Id.* § 18.2-248. Like the Iowa statute in *Ford*, this Virginia statute is divisible.

Vanoy argues that *Harbin v. Sessions*, 860 F.3d 58 (2d Cir. 2017), says otherwise. In that case, the Second Circuit held that a provision of New York's controlled substances law was indivisible under the categorical approach. But that provision only criminalizes the sale of a controlled substance and does not have the Virginia statute's alternative, imitation substance element. *Id.* at 64. Virginia courts also recognize that the New York statute does not match the elements of § 18.2-248. *See Mason v. Commonwealth*, 770 S.E.2d 224, 229–30 (Va. App. 2015).

Because the statute is divisible, we next ask whether Vanoy's Virginia convictions involve the distribution of a substance listed on the federal drug schedules. *See* 18 U.S.C. § 924(e)(2)(A)(ii); 21 U.S.C. § 802(6). Vanoy asserts that his Virginia convictions did not require a jury to find the drug's identity. We disagree. When interpreting Virginia's analogous, simple possession statute,[4] Virginia courts explain that "the specific type of substance found in a defendant's possession is an *actus reus* element the Commonwealth must prove." *Sierra v. Commonwealth*, 722 S.E.2d 656, 660 (Va. App. 2012). The jury instructions also confirm that Virginia juries must find the identity of the drug and the relevant schedule to sustain a conviction under § 18-248-2. Instruction No. G22.300, Va. Mod. Jury Instructions-Criminal (2002). Vanoy's certified convictions are for "possession of cocaine with intent to distribute." As a result, his Virginia convictions are not broader than federal law and are serious drug offenses.

Finally, Vanoy's claim that the Virginia statute has a broader *mens rea* requirement than federal law fails because the categorical approach does not require them to match. *Shular*, 140 S. Ct. at 785. It only requires that the elements of a state offense punish conduct involving a controlled substance. *Id.*; *United States v. Boleyn*, 929 F.3d 932, 938 (8th Cir. 2019).

Vanoy's sentence is affirmed.

—————————————

---

[4] The Fourth Circuit agrees that *Sierra* and other Virginia decisions hold "that the drug's identity is an element of the crime" and thus, the simple possession statute is divisible. *Bah v. Barr*, 950 F.3d 203, 208 (4th Cir. 2020). This is instructive because local "courts of appeals are better schooled in and more able to interpret the laws of their respective States." *Expressions Hair Design v. Sheneiderman*, 137 S. Ct. 1144, 1150 (2017).