# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3119
_____

United States of America

Plaintiff - *Appellee*

v.

Alexander Monday Coleman

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: September 21, 2020
Filed: October 5, 2020
_____

Before BENTON, MELLOY, and KOBES, Circuit Judges.
_____

BENTON, Circuit Judge.

Alexander Monday Coleman pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[1] applied an Armed Career Criminal Act (ACCA) enhancement, sentencing him to 192 months in prison. Coleman appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

Coleman argues the ACCA's enhancement does not apply because two of his convictions are not "serious drug offenses." Whether a conviction is a "serious drug offense" is a legal question this court reviews de novo. *See United States v. Keith*, 638 F.3d 851, 852 (8th Cir. 2011). At sentencing, Coleman objected to the ACCA enhancement, but on different grounds than raised here. He must therefore establish the four elements of plain error: (1) there is an error; (2) the error is plain; (3) the error affects his substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Pirani*, 406 F.3d 543, 550 (8th Cir. 2005) (en banc), *applying United States v. Olano*, 507 U.S. 725, 732-36 (1993).

The ACCA mandates fifteen years in prison for anyone who violates 18 U.S.C. § 922(g) and "has three previous convictions . . . for a violent felony or a serious drug offense, or both." **18 U.S.C. § 924(e)(1)**. A state conviction is a "serious drug offense" when it "involv[es] manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" and is punishable by "a maximum term of imprisonment of ten years or more." **18 U.S.C. § 924(e)(2)(A)(ii)**.

On appeal, Coleman does not contest he has two ACCA predicate offenses. At issue are two other offenses: (1) delivery or manufacture of an imitation controlled substance in Missouri (2004) and (2) possession of cocaine for resale in Tennessee (2003).

In 2004, Coleman was convicted in Missouri for delivery or manufacture of an imitation controlled substance, a class D felony. *See* **§ 195.242 RSMo** (2004). Because this offense was punishable by a maximum of four years in prison, the district court erred in concluding it is a valid ACCA predicate offense. *Compare* **§ 558.011.1(4) RSMo** (2003) (prescribing a maximum sentence of four years in prison for a class D felony), *with* **18 U.S.C. § 924(e)(2)(A)(ii)** (to be an ACCA predicate offense, a state conviction must have a maximum penalty of ten (or more) years in

prison).  Since the Missouri conviction is not an ACCA predicate offense, this case turns on Coleman's Tennessee conviction.

In 2003, Coleman was convicted for violating Tenn. Code § 39-17-417.  He argues that this conviction is not an ACCA predicate, asserting that the state statute criminalizes a broader swath of conduct than what the ACCA defines as a "serious drug offense."  *See* **18 U.S.C. § 924(e)(2)(A)(ii)**.  *See generally* ***Shular v. United States***, 140 S. Ct. 779, 784-85 (2020) (setting the standard for state-law serious drug offense predicates under the ACCA).

A categorical approach determines whether a previous conviction is an ACCA predicate offense.  *See* ***Taylor v. United States***, 495 U.S. 575, 600 (1990).  Under this approach, courts compare the statutory elements of a conviction to the ACCA's description of a predicate offense.  *See* ***Descamps v. United States***, 570 U.S. 254, 261 (2013).  The previous conviction is an ACCA predicate offense if the state statute's elements are the same or narrower than the ACCA predicate offense.  ***Id.*** But if the statute's elements are broader than the ACCA's predicate offense, the conviction is not an ACCA predicate offense.  ***Id.*** The categorical approach, as relevant here, requires considering whether the statutory elements "necessarily entail one of the types of *conduct* identified in § 924(e)(2)(A)(ii)."  ***Shular***, 140 S. Ct. at 784 (internal quotation marks omitted).

By listing alternative elements, some statutes create multiple offenses.  *See* ***United States v. Vanoy***, 957 F.3d 865, 867 (8th Cir. 2020).  These "divisible" statutes trigger a modified categorical approach, where "certain approved documents" may "determine which statutory phrase was the basis for the conviction."  ***Id.***, *citing* ***Descamps***, 570 U.S. at 263.  The modified categorical approach then compares the appropriate statutory phrase to the ACCA's description of a predicate offense.  *See* ***Descamps***, 570 U.S. at 263.

The Tennessee statute that Coleman violated states:  "It is an offense for a defendant to knowingly: (1) Manufacture a controlled substance; (2) Deliver a

controlled substance; (3) Sell a controlled substance; or (4) Possess a controlled substance with intent to manufacture, deliver or sell the controlled substance." **Tenn. Code § 39-17-417(a)** (2003). The statute is divisible because an individual may violate it by manufacturing, *or* delivering, *or* selling, *or* possessing with the intent to manufacture/deliver/sell a controlled substance. *See **United States v. Goldston***, 906 F.3d 390, 394 (6th Cir. 2018) (holding this statute is divisible).

The Tennessee indictment and judgment show that Coleman was convicted under section 39-17-417(a)(4). *See* Case No. 242630, Alexander Monday Coleman, in Hamilton Cty. Crim. Ct. Recs., *available at* http://cjuscriminal.hamiltontn.gov/appfolder/cc_Web_Calendar.aspx (last visited Aug. 10, 2020) (reflecting the charge listed in the indictment and the judgment). The indictment's heading reads "Possession of Cocaine for Resale," a phrase the judgment repeats twice in abbreviated form. The charge in the indictment recites the fourth subsection's text: "Alexander Monday Coleman . . . did unlawfully and knowingly *possess* a controlled substance . . . *with intent to sell or deliver*" (emphasis added). *See **Mathis v. United States***, 136 S. Ct. 2243, 2249 (2016) (authorizing the use of an indictment in the modified categorical approach). Coleman quibbles, highlighting the imprecise term "resale" in both the indictment and the judgment. Regardless, the indictment's and judgment's four references to "possession" leave no doubt: Coleman was convicted under the fourth subsection of 39-17-417(a).

The issue is whether Tennessee's prohibition on "[p]ossess[ing] a controlled substance with intent to manufacture, deliver or sell the controlled substance" necessarily entails "possessing with intent to manufacture or distribute, a controlled substance." *Compare* **Tenn. Code § 39-17-417(a)(4)**, *with* **18 U.S.C. § 924(e)(2)(A)(ii)**. Stripped of the two statutes' shared terms, the issue becomes whether "intent to deliver or sell" necessarily entails "intent to distribute." Tennessee's definition of "deliver" is "the actual, constructive, or attempted transfer from one person to another." **Tenn. Code § 39-17-402(6)**. The relevant federal definition of "distribute" is almost identical, but explicitly excludes "administering or dispensing." *See* **21 U.S.C. § 802(8), 802(11)** (defining "deliver" as "the actual,

constructive, or attempted transfer of a controlled substance"). By the plain language of the statute, "intent to deliver or sell" necessarily entails "intent to distribute," and thus, Coleman's 2003 conviction is a serious drug offense under the ACCA.

Coleman argues that because Tennessee's "deliver" definition does not explicitly exclude "administering" and "dispensing" like the federal definition, the Tennessee statute is broader than a "serious drug offense" and thus not a predicate offense. The Sixth Circuit addressed this argument in *United States v. Goldston*, 906 F.3d 390. There, the court noted that Tennessee law explicitly permits "practitioners" to "administer" and "dispense" controlled substances. *See **Goldston***, 906 F.3d at 395, *citing* **Tenn. Code §§ 39-17-402(1)**, **(7), and 39-17-402(23)(A)**. Yet another Tennessee statute confirms this: "It is an exception to [the prohibition on possession of controlled substances] if the person lawfully possessed the controlled substance as otherwise authorized by this part." **Tenn. Code § 39-17-427**. Thus, while section 39-17-417(a) by itself might appear to prohibit administering and dispensing, neighboring provisions make clear it does not. *See **Goldston***, 906 F.3d at 395, 397 ("It is clear, therefore, that Tennessee has not criminalized what it has otherwise defined as lawful behavior by using the term 'deliver' in Tenn. Code § 39-17-417(a)(2)."); **United States v. Brown**, 408 F.3d 1016, 1018 (8th Cir. 2005) (applying similar logic to Missouri's definition of "deliver").

According to Coleman, any reliance on *Goldston* is misplaced because the Supreme Court's *Shular* decision supersedes it. *But cf.* **United States v. McClain**, 810 Fed. Appx. 404, 408 (6th Cir. 2020) (following *Goldston* after the *Shular* decision). *Shular* held that when applying the categorical approach, the ACCA's state-law "serious drug offense" provision requires comparing statutory elements and *conduct*, not generic offenses. *See **Shular***, 140 S. Ct. at 785. Far from undercutting *Goldston*, *Shular* confirms its focus on conduct—possession with intent to distribute.

Coleman also asserts there is a "realistic probability, not a theoretical possibility" that section 39-17-417(a) will extend to conduct the ACCA does not cover. *See United States v. Maldonado*, 864 F.3d 893, 900 (8th Cir. 2017), *cited in Goldston*, 906 F.3d at 396. As proof of a realistic probability, Coleman emphasizes three purported prosecutions of medical professionals under section 39-17-417. One is a prosecution of a pharmacist, but a pharmacist who illicitly provided pain pills outside the pharmacy and without a prescription. *See State v. Lindsey*, 1991 WL 207934, at *1 (Tenn. Crim. App. 1991). Another is a prosecution, but does not indicate that the defendant was a medical professional. Rather, the case *involves* a former pharmacist as an informant. *See State v. Morris*, 2007 WL 609203, at *1 (Tenn. Crim. App. 2007). The third—not even a criminal case—is a civil case where the court remarks in a footnote that a pharmacist giving pain medication to a special customer (again, without a prescription) could be prosecuted. *See Carter v. Bell*, 2007 WL 2323396, at *5 n. 3 (Tenn. Ct. App. 2007). These cases do not establish a "realistic probability" that Tennessee will prosecute medical professionals for administering and dispensing controlled substances in a lawful manner.

Coleman also invokes a nearby section of the criminal code describing inferences: "It may be inferred from [certain circumstances] that the controlled substance or substances were possessed with the purpose of selling or otherwise *dispensing*." **Tenn. Code § 39-17-419** (emphasis added). He insists that the use of "dispensing" in section 39-17-419 shows that section 39-17-417 *does* cover medical professionals' conduct, and thus is too broad to be a serious drug offense. To the contrary, having defined "dispensing" as lawful just sections before, the Tennessee law would make little sense if it then permitted that lawful activity to support an inference of unlawful activity. While awkward, the two uses of the word "dispensing" cannot reasonably be understood to mean the same thing (and thus to extend section 39-17-417's coverage to state-sanctioned conduct). Because Coleman's interpretation yields an absurd result, this court rejects it. *See McNeill v. United States*, 563 U.S. 816, 822 (2011).

Finally, section 39-17-417(a)(4) also prohibits the intent to sell. The legislature has not defined "sell," but the state's courts have. "[A] 'sale' requires 'a bargained-for offer and acceptance, and an actual or constructive transfer or delivery of the subject matter property.'" **Davis v. Freeman**, 2018 WL 1545739, at *21 (M.D. Tenn. 2018), *quoting* **State v. Holston**, 94 S.W.3d 507, 510 (Tenn. Crim. App. 2002). This definition of "sell" necessarily entails the conduct that the ACCA's "distribute" describes.

Coleman's 2004 Missouri conviction is not a predicate offense under the ACCA, but his 2003 Tennessee conviction is. He therefore has the three previous convictions the ACCA requires.

* * * * * * *

The judgment is affirmed.

_____