# United States Court of Appeals
### For the Eighth Circuit
_____

No. 20-1502
_____

United States of America

*Plaintiff - Appellee*

v.

Vernon Montrell Webster, also known as Webster Connell Spunky, Jr., also known as Tracy Connell Webster, Jr., also known as Alfred Connell Gage, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: March 15, 2021
Filed: April 23, 2021
[Unpublished]
_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Vernon Montrell Webster pleaded guilty to being a felon in possession of a firearm. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court[1] originally

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

sentenced Webster to 180 months' imprisonment because it determined he was an armed career criminal under 18 U.S.C. § 924(e). Webster appealed, challenging his armed-career-criminal designation. *United States v. Webster*, 730 F. App'x 396, 397 (8th Cir. 2018) (per curiam). We ultimately reversed this designation, vacating the sentence and remanding to the district court for resentencing without the armed-career-criminal enhancement. *United States v. Webster*, 784 F. App'x 975, 975 (8th Cir. 2019) (per curiam). On remand, the district court determined that Webster's 1998 felony conviction for possession of cocaine with intent to "manufacture, distribute or deliver," *see* Wis. Stat. § 961.41(1m)(cm)(1) (1998), was a "controlled substance offense," *see* U.S.S.G. § 4B1.2(b) & cmt. n.1, requiring a base offense level of 20, *see* U.S.S.G. § 2K2.1(a)(4)(A) & cmt. n.1. It then calculated a total offense level of 23 and a criminal-history category of VI, yielding an advisory sentencing guidelines range of 92 to 115 months' imprisonment, and it sentenced Webster to 115 months' imprisonment. Webster again appeals his sentence, arguing that the district court procedurally erred by concluding his 1998 Wisconsin drug conviction was a "controlled substance offense" for the purpose of determining his base offense level in calculating his guidelines range.[2] We affirm.

"When reviewing a defendant's sentence, we must ensure that the district court committed no significant procedural error," such as improperly calculating the guidelines range. *United States v. Maldonado*, 864 F.3d 893, 897 (8th Cir. 2017). In reviewing for procedural error, we review the district court's interpretation and application of the guidelines *de novo*. *Id.* Whether a prior conviction qualifies as a "controlled substance offense" under § 4B1.2(b) involves the interpretation and application of the guidelines, so we review this issue *de novo*. *See United States v. Williams*, 926 F.3d 966, 969 (8th Cir. 2019).

---

[2]The Government contends that Webster either waived or forfeited the argument he raises on appeal. We decline to address either contention because Webster's argument fails on the merits. *See United States v. Hyles*, 479 F.3d 958, 966 (8th Cir. 2007); *United States v. Richardson*, 238 F.3d 837, 841-42 (7th Cir. 2001).

Webster's argument on appeal proceeds in three steps. First, he asserts that whether his 1998 Wisconsin drug conviction was a "controlled substance offense" is governed by the categorical approach, under which we ask whether "the state statute defining the crime of conviction categorically fits within the . . . federal definition" of "controlled substance offense." *See Maldonado*, 864 F.3d at 897. Under this approach, "[i]f the state offense sweeps more broadly, or punishes more conduct than the federal definition," the state offense is not a § 4B1.2(b) controlled substance offense. *See United States v. Vanoy*, 957 F.3d 865, 867 (8th Cir. 2020). Second, he points out that the statute of conviction for his 1998 Wisconsin drug offense criminalizes, among other things, "[p]ossession with intent to . . . deliver" cocaine, *see* Wis. Stat. § 961.41(1m)(cm) (1998), and that "[d]eliver" is defined to include "attempted transfer," Wis. Stat. § 961.01(6) (1998), meaning the statute criminalizes inchoate offenses. Third, he argues that this fact renders his 1998 Wisconsin drug conviction categorically overbroad (such that the conviction should not have triggered a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A)) because § 4B1.2(b) "presents a very detailed 'definition' of controlled substance offense that clearly excludes inchoate offenses." *See United States v. Winstead*, 890 F.3d 1082, 1091 (D.C. Cir. 2018). Webster acknowledges that Application Note 1 to § 4B1.2(b) includes inchoate offenses such as attempting to commit a "controlled substance offense" within the definition of that term, but he argues that this application note is not binding because it is "inconsistent with, or a plainly erroneous reading of," § 4B1.2(b). *See Stinson v. United States*, 508 U.S. 36, 38 (1993).

Whatever the merits of its first two steps, Webster's argument fails at step three. In *United States v. Mendoza-Figueroa*, this court held that Application Note 1 to § 4B1.2(b) was a reasonable reading of § 4B1.2(b) that "we must enforce . . . in accordance with its terms." 65 F.3d 691, 693 (8th Cir. 1995) (en banc). *Mendoza-Figueroa* remains binding on us. *United States v. Jefferson*, 975 F.3d 700, 708 (8th Cir. 2020), *petition for cert. filed*, --- U.S.L.W. --- (U.S. Dec. 16, 2020) (No. 20-6745). Under Application Note 1 to § 4B1.2(b), Webster's 1998 Wisconsin drug conviction is a "controlled substance offense" even though the statute of conviction criminalizes inchoate offenses. *See id.* at 707-08 (holding that, under this application

note, a prior conviction for "'attempting' to possess with intent to distribute" marijuana was a "controlled substance offense"). The district court thus did not procedurally err by concluding that Webster's 1998 Wisconsin drug conviction was a "controlled substance offense" in calculating his guidelines range.

Accordingly, we affirm Webster's sentence.

_____