United States Court of Appeals

For the Eighth Circuit

_____

No. 20-3116
_____

United States of America

*Plaintiff - Appellee*

v.

Carlos Dejuan Hutchinson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: September 22, 2021
Filed: March 3, 2022
_____

Before KELLY, ERICKSON, and GRASZ, Circuit Judges.
_____

ERICKSON, Circuit Judge.

Carlos Dejuan Hutchinson ("Hutchinson") pled guilty to possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and (g)(3). The district court[1] found that Hutchinson had three prior qualifying felony

_____

[1]The Honorable C. J. Williams, United States District Judge for the Northern District of Iowa.

convictions and imposed an enhanced sentence under the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e). Specifically, the district court found that Hutchinson's three burglary convictions under Texas Penal Code Ann. § 30.02(c)(2)[2] qualified as "violent felony" predicate offenses. Hutchinson appeals, contending the court erred because the definition of "burglary" in Texas Penal Code Ann. § 30.02(a) is broader than the generic definition of "burglary" in Taylor v. United States, 495 U.S. 575, 599 (1990). We disagree and affirm the district court.

## I. BACKGROUND

Following a traffic stop on October 12, 2019, in Cedar Rapids, Iowa, Hutchinson was subjected to a lawful search during which officers found a pistol and ammunition in his jeans' pockets. Hutchinson was charged with one count of possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and (g)(3). He entered into a plea agreement with the government and consented to preparation of a pre-plea presentence investigation report (the "PSIR").

Noting Hutchinson's three prior Texas burglary convictions, the PSIR recommended that Hutchinson be sentenced as an armed career criminal pursuant to 18 U.S.C. § 924(e)(1). The indictments underlying two of the three convictions alleged Hutchinson not only intended to unlawfully enter the habitations, but he also had the intent to commit theft therein.

Hutchinson objected to the PSIR's recommendation, contending his Texas convictions did not qualify as predicate offenses because Texas's burglary statute is indivisible and Texas Penal Code Ann. § 30.02(a) does not contain the requisite "specific intent" element required under Taylor, 495 U.S. at 599. See Texas Penal

---

[2]A burglary conviction under Texas Penal Code Ann. § 30.02(a) is a second-degree felony if committed in a habitation. Tex. Penal Code Ann. § 30.02(c)(2) (West 2017). Hutchinson's 1997 and 2008 burglary convictions were under prior versions of Texas Penal Code Ann. § 30.02(a), but the statute's minor amendments following his convictions do not affect our analysis.

Code Ann. § 30.02(a)(3) (defining "burglary" to include the elements of "enter[ing] a building or habitation [without the effective consent of the owner] and commit[ting] or attempt[ing] to commit a felony, theft, or an assault").

The district court rejected Hutchinson's argument, concluding Hutchinson's convictions were qualifying predicate offenses because Texas Penal Code Ann. § 30.02(a)(3) has an inherent specific intent requirement. The district court relied on the Fifth Circuit's reasoning in United States v. Herrold, 941 F.3d 173 (5th Cir. 2019) (en banc), cert. denied, 141 S. Ct. 273 (2020), which determined that Texas Penal Code Ann. § 30.02(a)(3)'s elements of "burglary" are generic and that convictions thereunder may be "qualifying predicates for a sentence enhancement under the ACCA." Herrold, 941 F.3d at 182.

On September 28, 2020, the district court sentenced Hutchinson to the mandatory minimum term of fifteen years' imprisonment set forth in 18 U.S.C. § 924(e)(1). Hutchinson appeals.

II. ANALYSIS

The issue before us is whether the district court erred when it determined Texas Penal Code Ann. § 30.02(a)(3) requires the government to prove that the defendant "inten[ded] to commit a crime" after his or her unlawful entry. Taylor, 495 U.S. at 599 (defining the elements of generic burglary). We review the district court's legal findings on this issue *de novo*. See United States v. Vanoy, 957 F.3d 865, 867 (8th Cir. 2020).

Burglary qualifies as an enumerated predicate offense for purposes of the ACCA when the state law requires the following generic elements: "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor, 495 U.S. at 599; see Descamps v. United States, 570 U.S. 254, 260–61 (2013) (stating that Taylor set forth the rule for determining whether a prior conviction qualifies as an enumerated predicate offense under the ACCA). We

-3-

begin the analysis by applying a categorical approach to determine whether the statute meets the "generic" definition of "burglary." In so doing, we consider the language of the statute and not the particular facts underlying the defendant's prior offenses. Descamps, 570 U.S. at 261.

Texas Penal Code Ann. § 30.02(a) provides:

> A person commits an offense [of burglary] if, without the effective consent of the owner, the person:
>
> > (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or
> >
> > (2) remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or
> >
> > (3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

Texas Penal Code Ann. § 30.02(a) (West 2017).

Because § 30.02(a) lists alternative ways that burglary may be committed, we also analyze the divisibility of the statute. The question we consider in this analysis is whether the statute "list[s] elements in the alternative" and criminalizes multiple actions, which would render the statute divisible; or, whether the statute "sets out a single (or 'indivisible') set of elements to define a single crime." Mathis v. United States, 136 S. Ct. 2243, 2248–49 (2016). If the statute is indivisible, then we utilize the "categorical approach" and "line[] up that crime's elements alongside those of the generic offense and see[] if they match." Id. at 2248. If, on the other hand, the statute defines multiple crimes as a divisible statute, then we apply the "modified categorical approach," which would allow us to review the record from the Texas court that convicted Hutchinson in order to determine which subsection of § 30.02(a)

-4-

served as the basis for Hutchinson's conviction and whether his conviction met the generic elements. Id. at 2249.

While the district court did not make an express finding on the divisibility of § 30.02(a), it adopted the reasoning of the Court of Appeals for the Fifth Circuit in Herrold, which found that the statute was indivisible. 941 F.3d at 177. Neither party has raised any meaningful arguments to contest this finding. By its plain language, the statute is set forth in the disjunctive, and, as found by the Texas Court of Appeals, it identifies three alternative ways by which a person may commit the single crime of burglary. See Martinez v. State, 269 S.W.3d 777, 783 (Tex. Ct. App. 2008) (holding that the Texas Legislature did not intend to create "distinct criminal offenses" under Texas Penal Code Ann. § 30.02(a)(1) and § 30.02(a)(3)).

Next, when determining whether § 30.02(a)(3) requires the government to prove the defendant had the intent to cause a specific unlawful result after a non-consensual entry, we note that the Fourth and Fifth Circuits have held it does. See United States v. Pena, 952 F.3d 503, 510–11 (4th Cir. 2020) ("[W]e conclude that Texas burglary qualifies as generic burglary as defined in *Taylor*"); United States v. Bonilla, 687 F.3d 188, 193 (4th Cir. 2012) (noting that § 30.02(a)(3)'s element of an attempted or completed crime inherently requires an intent to commit that crime), cert. denied, 571 U.S. 829 (2013); see also Herrold, 941 F.3d at 179 ("Texas law rejects Herrold's no-intent interpretation").

This Court briefly analyzed a similar question in an unpublished decision and concluded that Texas Penal Code Ann. § 30.02(a)'s definition of "burglary" met the generic definition even though the definition of "habitation" included a "vehicle that is adapted for the overnight accommodation of persons." United States v. Wallis, 100 F.3d 960 (8th Cir. 1996) (per curiam) (quoting Texas Penal Code Ann. § 30.01(1)) (internal quotation marks omitted). Consistent with our previous decision and finding persuasive the Fourth and Fifth Circuits' decisions, we conclude that Texas Penal Code Ann. § 30.02(a)(3) contains the generic specific

intent requirement necessary for a conviction under this statute to qualify as a predicate offense for purposes of the ACCA.

Hutchinson has not demonstrated a "realistic probability" that Texas Penal Code Ann. § 30.02(a)(3) encompasses "conduct that falls outside the generic definition" of burglary. Gonzalez v. Wilkinson, 990 F.3d 654, 659 (8th Cir. 2021) (quoting Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193 (2007)) (internal quotation marks omitted) (discussing the application of the "realistic probability" analysis set forth by the United States Supreme Court in Duenas-Alvarez, 549 U.S. at 193, and Moncrieffe v. Holder, 569 U.S. 184, 191 (2013)). The cases relied on by Hutchinson do not meet this standard.

The case of Lopez v. State, No. PD-0245-13, 2013 WL 6123577 (Tex. Crim. App. Nov. 20, 2013), is an unpublished decision in which the defendant plainly had the specific intent to commit assault after he unlawfully broke into his uncle's house and beat his uncle in his bed. 2013 WL 6123577, at *3. The second cited case, Rangel v. State, 179 S.W.3d 64 (Tex. Ct. App. 2005), is equally unavailing. In Rangel, the defendant was convicted under Texas Penal Code Ann. § 30.02(a)(3) for breaking into his on-and-off girlfriend's home and slashing his girlfriend's other on-and-off boyfriend with a knife. Id. at 67, 69. In that case, the court noted the nature of the aggravated assault inherently demonstrated the defendant's intention to commit the assault. Id. at 72–73. Hutchinson's third case is also unpersuasive as the court in that case did not obviate an inherent intent requirement under § 30.02(a)(3), but instead noted that this subsection of Texas's burglary statute did not require the state to prove intent prior to entry into the residence. Daniel v. State, No. 07-17-00216-CR, 2018 WL 6581507, at *3 (Tex. Ct. App. Dec. 13, 2018) (unpublished).

In summary, the Texas Court of Criminal Appeals has made plain that the Texas burglary statute requires a specific intent to commit the crime. See Jacob v. State, 892 S.W.2d 905, 909 (Tex. Crim. App. 1995) (en banc) (discussing how the government's proof of an attempted or completed crime after an unlawful entry

under Texas Penal Code Ann. § 30.02(a)(3) may inherently prove the specific intent to commit the crime); DeVaughn v. State, 749 S.W.2d 62, 65 (Tex. Crim. App. 1988) (en banc) (finding the proof of an "attempted or completed" crime under Texas Penal Code Ann. § 30.02(a)(3) "merely supplants the specific intent" requirement in §§ 30.02(a)(1) and (2)). We have not been pointed to any case to the contrary.

Hutchinson has neither briefed nor argued the question of whether Texas Penal Code Ann. § 30.02(a)(3) does not satisfy the elements of generic burglary because generic burglary may require that specific intent exists at the moment of entry.[3] We agree with the Fourth Circuit's statement in Pena, 952 F.3d at 511, that this is an interesting inquiry, but we will not address an issue the parties have not argued or one the Supreme Court has not clearly mandated we answer. See Shanklin v. Fitzgerald, 397 F.3d 596, 601 (8th Cir. 2005) ("Absent exceptional circumstances, we cannot consider issues not raised in the district court.").

## III.   CONCLUSION

We affirm the judgment and sentence of the district court.

KELLY, Circuit Judge, dissenting.

Under the ACCA, the violent felony predicate offense of generic burglary requires the elements of an unlawful entry into, or remaining in, a building or other structure, with intent to commit a crime. Taylor v. United States, 495 U.S. 575, 598 (1990). The type of "intent to commit a crime" for generic burglary is specific intent. See, e.g., United States v. Bugh, 459 F. Supp. 3d 1184, 1199 (D. Minn. 2020) (citing Taylor, 495 U.S. at 599); see also id. at 1199 nn.25–26.

---

[3]The Supreme Court, in dicta, stated that generic burglary requires the specific intent to be formed at the moment of entry. See Quarles v. United States, 139 S. Ct. 1872, 1878 (2019) ("Put simply, for burglary predicated on unlawful *entry*, the defendant must have the intent to commit a crime at the time of entry.").

Texas Penal Code § 30.02(a)(3) provides, "A person commits an offense if, without the effective consent of the owner, the person . . . enters a building or habitation and commits or attempts to commit a felony, theft, or an assault." Unlike §§ 30.02(a)(1) and (2), this provision does not contain an element of "intent to commit a felony, theft, or an assault," but rather requires only that a felony, theft, or assault was committed or attempted. In other words, § 32.02(a)(3) "dispenses with the need to prove intent . . . when the actor is caught in the act" of committing or attempting a crime. DeVaughn v. State, 749 S.W.2d 62, 65 (Tex. Crim. App. 1988).

Relying on the commission of a felony, theft, or assault under § 32.02(a)(3) in place of proof of intent conflicts with the generic definition of burglary under the ACCA. This is because a conviction under the Texas burglary statute can be supported by commission of a crime that merely requires a mens rea of recklessness, such as assault, see Tex. Penal Code § 22.01(a)(1), manslaughter, id. § 19.04(a), or criminally negligent homicide, id. § 19.05(a). Commission of a crime of recklessness cannot replace the specific intent to commit a crime necessary for a categorical match; there can be no specific intent to commit a reckless crime. Put differently, just as one cannot attempt to commit a reckless crime because an attempt requires specific intent, one cannot have specific intent to commit a crime with a mens rea of recklessness. See United States v. Matthews, No. 20-1345, 2022 WL 413997, at *2 (8th Cir. Feb. 11, 2022) ("All attempts, regardless of the mental state of the underlying crime, are themselves specific-intent crimes. . . . '[O]ne *cannot* attempt to commit a crime which only requires reckless conduct.'" (quoting State v. Zupetz, 322 N.W.2d 730, 735 (Minn. 1982))). Because a conviction under § 32.02(a)(3) requires only *commission* of a crime of recklessness without separate proof of intent, the statute is broader on its face than generic burglary, which requires proof of specific intent to commit a crime. The inquiry should end here.

The court faults Hutchinson for not demonstrating a realistic probability that Texas Penal Code § 30.02(a)(3) encompasses conduct that falls outside the generic definition of burglary. But the court did not find § 32.02(a)(3) to be ambiguous, and, indeed, no party has argued that it is. Under these circumstances, a realistic

probability showing is not required.  Gonzalez v. Wilkinson, 990 F.3d 654, 660–61 (8th Cir. 2021) (rejecting a requirement that petitioners "must prove through specific convictions that unambiguous laws really mean what they say" and adopting a rule that "in applying the categorical approach, state law crimes should be given their plain meaning." (cleaned up) (quotation omitted)).

Decisions by the Fifth Circuit Court of Appeals and the Texas Court of Criminal Appeals do not change my view of the categorical analysis.  The Fifth Circuit, in United States v. Herrold, rejected the defendant's argument that § 32.02(a)(3) is not a categorical match to generic burglary because it "lacks a requirement that an offender form a specific intent to commit another crime," finding this "argument fail[ed] for lack of supportive Texas cases."  941 F.3d 173, 178 (5th Cir. 2019).  In other words, the Fifth Circuit rejected the defendant's argument—the same argument presented by Hutchinson in this case—because the Fifth Circuit requires a showing of a realistic probability "that the State would apply its statute to conduct that falls outside the generic definition of the crime."  Id. at 179.  But in the Eighth Circuit, when a state statute is unambiguous, we do not require such a showing.[4]  Gonzalez, 990 F.3d at 660–61.

Nonetheless, the Fifth Circuit also proceeded, in dicta, to reject "Herrold's no-intent interpretation" based on the construction of the statute articulated in

_____

[4]Even if this court should look to how the Texas burglary statute has been applied in burglary prosecutions, Hutchinson may have shown a realistic probability that Texas would apply its burglary statute to conduct that falls outside the generic definition.  For example, in Daniel v. State, the defendant was charged with burglary under § 30.02(a)(3), and the court concluded that, "[a]ll the State was required to prove was that he entered the residence without consent or permission and while inside, assaulted or attempted to assault [the victims]," No. 07-17-00216-CR, 2018 WL 6581507, at *3 (Tex. App. Dec. 13, 2018), yet assault may be committed with a mens rea of recklessness, Tex. Penal Code § 22.01(a)(1).  Likewise in Rangel v. State, when analyzing whether assault was a lesser included offense of burglary under § 30.02(a)(3), the court found that the elements of burglary did not include intent to commit a crime.  179 S.W.3d 64, 69–71 (Tex. App. 2005).

DeVaughn v. State, 749 S.W.2d 62 (Tex. Crim. App. 1988). See Herrold, 941 F.3d at 179. In DeVaughn, however, the Texas Court of Criminal Appeals did not examine whether the Texas burglary statute is a categorical match to generic burglary, but merely described the "three distinct ways in which one may commit the offense of burglary under the present version of the Penal Code." DeVaughn, 749 S.W.2d at 64. The court observed, "[p]roof of the intent to commit either theft or a felony was, and is, a necessary element in the State's case" in §§ 30.02(a)(1) and (2), but for § 30.02(a)(3), "the attempted or completed theft or felony . . . merely supplants the specific intent which accompanies entry in §§ 30.02(a)(1) and (2)." Id. at 65. The court concluded, "the gravamen of the offense of burglary clearly remains entry of a building or habitation without the effective consent of the owner, accompanied by *either* the required mental state, under §§ 30.02(a)(1) and (2), [] *or* the further requisite acts or omissions, under § 30.02(a)(3)." Id. (emphasis added). As relevant here, the Texas court did not reject the notion that § 30.02(a)(3) includes the commission of crimes of recklessness or criminal negligence. DeVaughn notes that the unlawful entry into a building must be knowing or voluntary under § 30.02(a)(3), but says nothing about whether the "requisite acts" in § 30.02(a)(3) must be a specific-intent crime. See DeVaughn, 749 S.W.2d at 64–65; id. at 64 n.3, 65 n.4.

Thus, the plain language of the Texas burglary statute and DeVaughn both support the conclusion that § 30.02(a)(3) does not require proof of a specific-intent crime as would be necessary to make a categorical match. The Seventh Circuit's interpretation of the similar Minnesota burglary statute is in accord. See Van Cannon v. United States, 890 F.3d 656 (7th Cir. 2018). The Minnesota burglary statute provides: "Whoever enters a building without consent and with intent to commit a crime, or enters a building without consent and commits a crime while in the building, either directly or as an accomplice, commits burglary[.]" Minn. Stat. § 609.582(2)(a). The Seventh Circuit found that the statute is broader than generic burglary, rejecting the government's position that "intent to commit a crime is implicit because the statute requires proof of a completed crime within the trespassed building," since "not all crimes are intentional; some require only recklessness or

-10-

criminal negligence."[5]  Van Cannon, 890 F.3d at 664.  Specific intent to commit a crime is likewise not implicit in the Texas burglary statute.

In my view, the plain language of the Texas burglary statute shows that it is categorically broader than generic burglary under the ACCA.  Because the statute is unambiguous, there is no role for the realistic probability analysis to play.  I would therefore vacate Hutchinson's sentence and remand for resentencing.

_____

[5]The Seventh Circuit also found that "Taylor's elements-based approach does not countenance imposing an enhanced sentence[] based on *implicit* features in the crime of conviction."  Van Cannon, 890 F.3d at 664.