# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 30, 2021

Lyle W. Cayce
Clerk

No. 20-10520

United States of America,

*Plaintiff—Appellee*,

*versus*

Craig Anthony Ybarra,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-55-1

Before Jolly, Duncan, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Craig Anthony Ybarra pleaded guilty to possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). Consistent with then-binding precedent from our court, the district court determined that Ybarra's prior conviction for Texas robbery, Tex. Penal Code § 29.02, and his two prior convictions for Texas burglary, Tex. Penal Code § 30.02, were "violent

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10520

felonies" that triggered a 15-year mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"). *See* 18 U.S.C. § 924(e)(1), (2)(B); *United States v. Burris*, 920 F.3d 942, 945 (5th Cir. 2019) (holding that "robbery under Texas Penal Code § 29.02(a) requires the 'use, attempted use, or threatened use of physical force'" under ACCA's elements clause (quoting 18 U.S.C. § 924(e)(2)(B)(i))); *United States v. Herrold*, 941 F.3d 173, 175, 182 (5th Cir. 2019) (en banc) (holding that "the Texas burglary statute is 'generic' burglary" under ACCA's enumerated-offense clause (citing 18 U.S.C. § 924(e)(2)(B)(ii))). Ybarra appealed his sentence, contending among other things that *Burris* was wrongly decided.

After Ybarra filed his appeal, the Supreme Court decided *Borden v. United States*, 141 S. Ct. 1817 (2021). *Borden* held that offenses criminalizing reckless force do not satisfy ACCA's elements clause. *See id.* at 1825 (plurality opinion) (noting that reckless conduct is not aimed "against the person of another" as the elements clause requires); *id.* at 1835 (Thomas, J., concurring in the judgment) (noting instead that reckless conduct does not involve the "use of physical force" as the elements clause requires); 18 U.S.C. § 924(e)(2)(B)(i). We requested supplemental briefing so the parties could address *Borden*'s impact on Ybarra's sentence. Ybarra and the Government both responded that ACCA's 15-year mandatory minimum no longer applies in this case.

We agree. To trigger ACCA's sentencing enhancement, each of Ybarra's three convictions for Texas robbery and Texas burglary must qualify as a "violent felony." 18 U.S.C. § 924(e)(1). A person commits Texas robbery "if, in the course of committing theft . . . and with intent to obtain or maintain control of the property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." Tex. Penal Code § 29.02(a). While *Borden* does not affect paragraph (a)(2) of

No. 20-10520

that section, the record makes clear that Ybarra was convicted under paragraph (a)(1).[1] That provision criminalizes the reckless use of force, so it does not satisfy ACCA's elements clause after *Borden*. *See* 141 S. Ct. at 1825 (plurality opinion); *id.* at 1835 (Thomas, J., concurring in the judgment).[2] Nor does it satisfy ACCA's enumerated-offense clause. *See* 18 U.S.C. § 924(e)(2)(B)(ii) (defining "violent felony" to include "burglary" but not robbery). Thus, Ybarra's robbery conviction does not qualify as a "violent felony," and his ACCA sentencing enhancement cannot stand.

Accordingly, we VACATE Ybarra's sentence and REMAND to the district court for resentencing consistent with this opinion.

---

[1] As in *Burris*, we have no occasion here to determine whether robbery-by-injury under paragraph (a)(1) and robbery-by-threat under paragraph (a)(2) are divisible crimes for purposes of the categorical approach. *See Burris*, 920 F.3d at 948.

[2] Although Ybarra pleaded guilty to "*intentionally and knowingly* caus[ing] bodily injury to [the] complainant," Texas law treats alternatively-phrased mens rea requirements as "means" instead of "elements." *See Hicks v. State*, 372 S.W.3d 649, 656–67 & n.36 (Tex. Crim. App. 2012). We cannot consider Ybarra's state of mind when he committed his robbery offense for that reason. *See Mathis v. United States*, 136 S. Ct. 2243, 2253–54 (2016).